IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIAS DIAZ, #3774-22, PLAINTIFF, | § § § § | |
| v. | § § | CASE NO. 3:23-CV-402-E-BK |
| ELLIS COUNTY JAIL, ET AL., DEFENDANTS. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Elias Diaz also moved to proceed *in forma pauperis*. Doc. 6. As detailed here, this case should be **DISMISSED** in part and **STAYED** in part pending the resolution of the state-court criminal proceedings.

### I. BACKGROUND

This civil action arises from Diaz's arrest on October 28, 2022, and the ensuing prosecution for the state offense of possession of a controlled substance pending in Cause No. 49244CR, in the 443rd Judicial District Court of Ellis County, Texas. Doc. 9 at 4 (Am. Compl.).[1] Diaz is a pretrial detainee at the Ellis County Jail (Wayne McCollum Detention Center) and is represented by counsel in the pending state criminal case. Doc. 9 at 7.

---

[1] The criminal case docket sheet is available on the Ellis County website at http://countyinfosearch.com/home.html (last accessed April 12, 2023).

In his amended complaint, Diaz names as defendants the Ellis County Jail, the Ennis and Palmer Police Departments, Officer Wiser, other unidentified officers, and the state judge. Doc. 9 at 1, 3. As best the Court can glean, Diaz asserts his pending state criminal charge was brought in violation of his constitutional rights. Doc. 9 at 4, 6. He complains about (1) wrongful searches and seizures and arrest, (2) fraudulent evidence, and (3) false imprisonment. *Id.* Diaz also raises claims related to the conditions of his confinement at the Ellis County Jail. Doc. 9 at 7. As to the latter, he asserts that Lt. Flores improperly tased him with a stun gun on November 1, 2022, while placing him in general population, and that he was later assaulted by fellow inmates there. Doc. 9 at 7. Diaz seeks dismissal of his pending state criminal charge and compensation for wrongful imprisonment, defamation, and pain and suffering. Doc. 9 at 4.[2]

After review of the pleadings and the applicable law, the Court concludes that (1) Diaz's request to dismiss his pending state criminal charge is barred by the *Younger* abstention doctrine and thus should be dismissed for lack of jurisdiction, and (2) his related claims for damages should be stayed pending the final resolution of his state criminal case.[3]

## II. ANALYSIS

### A. Request to Dismiss State Criminal Charge

This Court must first examine the threshold question of whether it has subject matter jurisdiction. It is an issue of paramount concern that should be addressed, sua sponte if necessary, at any time throughout the proceedings. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

---

[2] Contemporaneously with this recommendation, Diaz's tasing-incident and inmate-assault claims are severed as misjoined. *See* Fed. R. Civ. P. 20(a).

[3] Because the case should be dismissed in part for lack of jurisdiction and stayed in part, the Court defers ruling on Diaz's motion to proceed *in forma pauperis*. Doc. 6.

574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction sua sponte"); FED. R. CIV. P. 12(h)(3).

As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971). For *Younger* to apply, three criteria must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met here, as Diaz seeks an order dismissing his pending state criminal proceedings. What Diaz asks this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 86 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). It is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Diaz can raise his claims—including any constitutional challenges—in the state trial court where, importantly, he is represented by counsel. Finally, this case falls outside the very narrow category of "extraordinary" cases in which federal injunctive

relief against a pending state prosecution would be warranted.  *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Diaz cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over his challenge to the State's prosecution of him in Ellis County.  *See Boyd*, 575 F. App'x at 519 (*Younger* abstention doctrine barred injunctive relief claims relating to detainee's pending criminal prosecution).

### B.  Request for Monetary Damages

As noted, Diaz also seeks compensatory damages.  "[T]he *Younger* abstention doctrine is not applicable to a claim for damages."  *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam) (citation omitted).  At any rate, "[e]ven if *Younger* applies [to other requests for relief], the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd*, 575 F. App'x at 519 (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also Lewis*, 20 F.3d at 125 (affirming stay of "claims for monetary relief that cannot be redressed in the [pending] state proceeding").

Diaz's claims that Defendants allegedly falsely arrested him and tempered with the evidence necessarily imply the invalidity of his pending state charge.  Thus, his claims for damages should be stayed until prosecution of the Ellis County charge against Diaz is disposed of.  *See Profit v. Ouachita Par.*, 411 F. App'x 708, 709 (5th Cir. 2011) (noting with approval that district court had stayed a civil case attacking the legality of a detainee's arrest, prosecution, and detention pending the resolution of criminal charges); *Busick v. City of Madison*, 90 F. App'x 713, 713-14 (5th Cir. 2004) (holding that, where it is impossible to determine whether civil claims relating to an arrest and criminal prosecution necessarily implicate the validity of any

conviction or sentence that the plaintiff might receive in ongoing criminal proceedings, the district court should stay the civil proceedings pending resolution of the criminal charges against the plaintiff).

### III. CONCLUSION

For all these reasons, Diaz's claim seeking dismissal of his pending state criminal charge should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine.  Diaz's related claims for damages should be **STAYED** and this case **ADMINISTRATIVELY CLOSED**, pending the final resolution of the state criminal charge in Ellis County Case Number 49244CR.  However, because the prompt resolution of pending matters is important, Diaz should also be (1) ordered to move to reopen this case within 60 days after entry of judgment or an order of dismissal in his referenced state criminal court case, and (2) advised that failure to do so will result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a Court order.

**SO RECOMMENDED** on April 24, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F℮ᴅ. R. Cɪᴠ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).